# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANGELA MELISSA PEREZ ROBLEDO,<br><br>　　　　　　Defendant. | CASE NO.:  24cr580-WQH<br><br>**ORDER** |

The matter before the Court is the Motion for Home Confinement filed by Defendant Angela Melissa Perez Robledo. (ECF No. 53.)

**BACKGROUND**

On May 21, 2024, Defendant entered a plea of guilty to importation of heroin in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 26.) Defendant admitted that she knowingly drove a vehicle with 9.88 pounds of heroin concealed within the vehicle.

In her sentencing memorandum, Defendant stated that she "requests the Court impose a sentence of no more than 10 months" and "further requests the Court consider imposing all or part of the custodial sanction as home confinement in lieu of a prison sentence, or a lengthier supervised release period." (ECF No. 48 at 7.)

On March 3, 2025, the Court sentenced Defendant to 10 months in the

custody of the Bureau of Prisons followed by three years of supervised release. (ECF No. 51.) This sentence was at the low end of the advisory Sentencing Guidelines. The Court ordered Defendant to self-surrender at the institution designated by the Bureau of Prisons by noon on May 2, 2025.

On May 9, 2025, Defendant, proceeding pro se, filed the pending Motion for Home Confinement. (ECF No. 53.) The motion is signed by Defendant and dated May 3, 2025. The motion states: "I am a low-risk offender and [had] no prior criminal history." *Id*. at 1.

## DISCUSSION

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quotations omitted). "Congress created a limited exception to this rule by authorizing courts to grant compassionate release when 'extraordinary and compelling reasons' warrant a reduction in sentence." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "As compassionate release derogates from the principle of finality, it is a narrow remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory." *Id*. at 944-45 (quotations omitted).

"The First Step Act grants courts the discretion to consider compassionate release motions on an individualized basis," although "the exercise of this discretion is controlled by three substantive considerations." *Id*. at 945 (citations omitted). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Id*. (quotation omitted). "Although a district court must

conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id*. (citation omitted). Defendant bears the "burden to establish [her] eligibility for compassionate release." *Id.* at 951.

Defendant admitted that she knowingly entered the United States in a vehicle concealing heroin. At the time of sentencing, the Court considered Defendant's request for home confinement in lieu of prison. Due to Defendant's history and characteristics, including her relatively low risk for recidivism and lack of prior criminal history, the Court found that a low-end sentence of 10 months was appropriate. However, the Court found that this sentence should be served in prison rather than home confinement "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to provide the defendant with needed education or vocational training … in the most effective manner"; and based upon the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(2) & (a)(6).

The Motion for Home Confinement contains no new facts or contentions different than those the Court considered at sentencing. Indeed, it appears Defendant wrote and mailed her one-page motion the day after she self-surrendered to prison. The Court finds that Defendant has failed to state extraordinary and compelling reasons warranting a sentence reduction and has failed to show that home confinement is warranted under the § 3553(a) factors. Accordingly, the Motion for Home Confinement is denied. This ruling is without prejudice to any request for home confinement to the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3624(c)(2) or any other applicable provision.

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Home Confinement is denied. (ECF No. 53.)

Dated: June 2, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court