UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ANGELA MELISSA PEREZ ROBLEDO, Defendant. | Case No.: 24-cr-580-WQH **ORDER** |

HAYES, Judge,

The matter before the Court is Defendant's Motion for Return of Property. (ECF No. 56.)

On March 3, 2025, the Court sentenced Defendant to the custody of the Bureau of Prisons for 10 months followed by a three-year term of supervised release following Defendant's guilty plea to importation of heroin in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 50.) On the same day, the Court entered Judgment and this case was closed. (ECF No. 51.)

On October 14, 2025, Defendant, now proceeding pro se, filed a letter stating: "I am asking for the following items that w[ere] taken from me by Plaintiff under Federal Rule of Criminal Procedure 41(g): iPhone XIV (14) Plus, Trolly Cart, KIA Vehicle." ("Motion for Return of Property," ECF No. 56 at 1.)

On October 30, 2025, Plaintiff United States of America filed a Response in opposition to Defendant's Motion for Return of Property. ("Plaintiff's Response," ECF No. 58.) Plaintiff states that Defendant's "personal effects [we]re disposed of in the normal

course of CBP's process" after Defendant failed to request their return within the time allotted by a release given to Defendant and signed by Defendant. *Id*. at 2. Plaintiff states that Defendant's KIA vehicle was forfeited pursuant to the forfeiture agreement contained in Defendant's Plea Agreement. Plaintiff attaches two exhibits in support of Plaintiff's Response. (ECF No. 58-1.)

Federal Rule of Criminal Procedure 41(g) states in relevant part:

> A person aggrieved … by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.

Fed. R. Crim. P. 41(g). When there are no longer criminal proceedings pending at the time of the filing of a Rule 41(g) motion—as is the case here—a court should treat a Rule 41(g) motion as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Tamer filed his motion for return of property under Federal Rule of Criminal Procedure 41(g). Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure.") (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)); *see also id*. at 1005 (stating that "[t]he district court had jurisdiction pursuant to 28 U.S.C. § 1331"). When the government files an opposition—as is the case here—"the government's opposition could be properly converted to a Rule 56 motion for summary judgment, consistent with the Federal Rules of Civil Procedure." *Id*. at 1007 (citing *Ritchie*, 342 F.3d at 907, 911).

On November 24, 2025, the Court issued an Order summarizing the above legal authority and stating:

> This Order constitutes notice to the parties that the Court considers (1) Defendant's Motion for Return of Property (ECF No. 56) as a civil complaint governed by the Federal Rules of Civil Procedure, and (2) Plaintiff's Response (ECF No. 58) as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Consistent with Rule 56, Defendant shall be afforded an opportunity to file an opposition to Plaintiff's Response (ECF

> No. 58), including any evidence that supports Defendant's position. Plaintiff will then be provided an opportunity to file a reply. "Then, pursuant to the Federal Rules of Civil Procedure, the court [will] determine whether the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.'"

(ECF No. 59 at 2–3 (quoting *Ibrahim*, 522 F.3d at 1008; Fed. R. Civ. P. 56(c)).) The docket reflects that the November 24, 2025 Order was mailed to Defendant at the mailing address provided by Defendant in her Motion for Return of Property.

On December 11, 2025, the Court received notice that the mailing to Defendant containing the November 24, 2025 Order was returned as undeliverable as addressed. (ECF No. 60.)

On December 15, 2025, the Court received a notification from the Government that it is the Government's understanding that Defendant's current address is 11112 Barclay Drive, Garden Grove, CA 92841.

On December 19, 2025, the Court issued an Order (1) requiring the Clerk to mail the November 24, 2025 Order and Plaintiff's Response to Defendant at the address for Defendant provided by the Government, and (2) resetting the briefing schedule related to the Motion for Return of Property and the Plaintiff's Response. (ECF No. 61.) The Court also stated that "Defendant is reminded that each party is obligated to keep the Court apprised of the party's current address while proceedings are ongoing." *Id*. at 2.

On February 17, 2026, and June 3, 2026, the Court received notice that the mailings to Defendant were returned as undeliverable. (ECF Nos. 62, 64.)

Defendant has failed to respond to the Plaintiff's Response and the Court's Orders requiring a response. Defendant also has failed to comply with the Local Rule stating that "[a] party proceeding pro se must keep the Court and opposing parties advised as to current address." Civ. L.R. 83.11(b). The Court accordingly will decide the pending Motion for Return of Property and the Plaintiff's Response based upon the current record.

As discussed in the November 24, 2025 Order, the Court considers (1) Defendant's Motion for Return of Property (ECF No. 56) as a civil complaint governed by the Federal

Rules of Civil Procedure, and (2) Plaintiff's Response (ECF No. 58) as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. As provided in Civil Local Rule 7.1(f)(c), the Court considers Defendant's failure to respond or oppose Plaintiff's motion for summary judgment as a consent to granting the motion. Moreover, even considering the merits of the motion, the Court finds that Plaintiff has submitted sufficient evidence to establish that Defendant has no rights to the property at issue in the Motion for Return of Property—i.e., the iPhone 14 Plus, Trolly Cart, and KIA Vehicle. (collectively, "Subject Property").

Plaintiff submits evidence that, on the date of her arrest, February 28, 2024, Defendant was advised of the procedure for release of personal effects, which states: "**You have the right to request the return or release of the property. Your request must be made with our office within 30 days from the date of your receipt of this letter**." (ECF No. 58-1 at 3 (emphasis on original).) Defendant acknowledged her receipt of this notice with her signature on February 28, 2024. Plaintiff asserts that Defendant did not request the return of her personal effects and, after 30 days, they were "disposed of in the normal course of CBP's process." (ECF No. 58 at 2.)

Furthermore, Defendant's Plea Agreement states:

> Defendant … agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings.

(ECF No. 29 at 3.) Plaintiff asserts that, "with respect to the KIA vehicle, pursuant to the forfeiture agreement, the vehicle was forfeited and ultimately sold to a dismantler on June 4, 2025, over one year after the Defendant's plea agreement was filed where Defendant agreed to forfeit all seized property." (ECF No. 58 at 2.) The Court finds that, pursuant to the Plea Agreement, Defendant waived and disclaimed any interest in the Subject Property.

The Court finds that Plaintiff has demonstrated that there is no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law as to the issues raised in the Defendant's Motion for Return of Property and Plaintiff's Response.

IT IS HEREBY ORDERED that Defendant's Motion for Return of Property is denied (ECF No. 56) and Plaintiff's Response is granted (ECF No. 58). This case remains closed.

Dated: July 27, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court